UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CEESAY MODOU, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:26-cv-11895-IT |
| | * | |
| PLYMOUTH COUNTY CORRECTIONAL FACILITY, | * | |
| | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER
June 8, 2026

TALWANI, D.J.

Petitioner Ceesay Modou is a citizen and national of Gambia and has been detained by U.S. Immigration and Customs Enforcement ("ICE") since June 19, 2024. See Pet. at ECF 4 [Doc. No. 1]; Resp. Ex. 1 at 1 [Doc. No. 10-1]. In his recently filed[1] *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1], Petitioner seeks release from detention to "fight [his] immigration case outside from the prison facility[,] take care of [his] family[,] and attend hospital appointments[.]" Pet. at ECF 6 [Doc. No. 1].

An immigration judge denied Petitioner's application for suspension of removal, asylum, withholding of removal, protection under the Convention Against Torture, and issued a Final Order of Removal on or about May 9, 2025. Pet. at ECF 4 [Doc. No. 1]; Resp. Ex. 1 at 1, n.1 [Doc. No. 10-1] (explaining that the Immigration Judge attempted to render an oral decision on May 9, 2025, but due to connectivity issues, issued a written decision on May 13, 2025). Petitioner appealed to the Board of Immigration Appeals ("BIA") on June 9, 2025. Pet. at ECF 4

---

[1] The Petition is dated April 13, 2026, but was not received by the court and docketed until April 27, 2026.

1

[Doc. No. 1]. The BIA affirmed the Immigration Judge on April 15, 2026. Id. Petitioner has not appealed the BIA's decision to the United States Court of Appeals for the First Circuit. See Supp. Resp. [Doc. No. 12].

Respondents oppose the Petition [Doc. No. 1], asserting that in light of the April 15, 2026 dismissal of his appeal, Petitioner is detained pursuant to 8 U.S.C. § 1231. See Resp. 4 [Doc. No. 10]. Section 1231 provides for a 90-day "removal period" that begins on the latest of the following:

(i)     The date the order of removal becomes administratively final.

(ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Now that the BIA has ruled on Petitioner's Final Order of Removal, and the appeal period for the BIA decision has expired, the Order is administratively final. See 8 U.S.C. § 1231(a)(1)(B)(i). Accordingly, during the 90-day removal period, which commenced April 15, 2026, and continues to July 14, 2026, Petitioner's detention remains mandatory. See 8 U.S.C. § 1231(a)(2)(A). While an unreasonably prolonged detention past the removal period may raise due process concerns, particularly where it is unlikely removal is feasible in the near future, see Zadvydas v. Davis, 533 U.S. 678 (2001), Petitioner has raised neither argument nor evidence as to why his detention is currently unlawful, see Pet. *passim* [Doc. No. 1].

Accordingly, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is DENIED without prejudice.

IT IS SO ORDERED.

June 8, 2026                                          /s/ Indira Talwani
                                                      United States District Judge

2